# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## PROBATION OFFICE

SCOTT A. ANDERS
CHIEF U.S. PROBATION OFFICER

KEN R. FITZGERALD
DEPUTY CHIEF PROBATION OFFICER

JO C. COOPER
ASST. DEPUTY CHIEF PROBATION OFFICER

THOMAS J. BAUER
ASST. DEPUTY CHIEF INFORMATION OFFICER



THOMAS F. EAGLETON U.S. COURTHOUSE
111 SOUTH 10TH STREET, SUITE 2.325
ST. LOUIS, MO 63102
314-244-6700
314-244-6735(FAX)

RUSH HUDSON LIMBAUGH, SR. U.S. COURTHOUSE
555 INDEPENDENCE, SUITE 1100
CAPE GIRARDEAU, MO 63701
573-331-8980
573-331-8986(FAX)

REPLY TO: EAGLETON OFFICE

June 26, 2019

Lamar Pearson #180062
(USM #40565-044)
Moberly Correctional Center
P.O. Box 7
Moberly, MO 65270

RE: 4:13CR00184 CDP
Calculation of jail time

Dear Mr. Pearson:

Our office is in receipt of your letter, dated June 7, 2019, requesting a review of the credit you have received for time spent in custody in the above noted case, as well as Docket No. 1322-CR100-01 from the Circuit Court of St. Louis, Missouri.

On January 4, 2013, you were arrested by the St. Louis, Missouri Metropolitan Police Department for the offense of Drug Trafficking Second Degree and charged in Docket No. 1322-CR100-01 in the Circuit Court of St. Louis, Missouri. You were also charged for the same conduct, in the U.S. District Court with Possession with Intent to Distribute Cocaine Base in Docket No. 4:13CR00184 CDP. At the time you committed this offense, you were on parole for Murder Second Degree and Armed Criminal Action, based on a previously imposed sentence of life imprisonment in Docket No. 901-1762 from the St. Louis, Missouri Circuit Court. On January 18, 2013, a parole violation warrant was issued.

On November 25, 2013, you were sentenced in U.S. District Court under Docket No. 4:13CR00184 CDP to 71 months imprisonment to be followed by a three year term of supervised release. This sentence was ordered to run concurrently with any sentence imposed in Docket No. 1322-CR100-01, but consecutively to the parole revocation in Docket No. 901-1762. You remained in state custody at the time this sentence was imposed.

On August 21, 2014, you were sentenced to ten years imprisonment in Docket No. 1322-CR100-01 and granted credit for time served from January 4, 2013, until the date of the sentence. You remained in state custody for this offense until August 27, 2014, when you were returned to the Missouri Department of Corrections for parole revocation in Docket No. 901-1762 and service of the sentence in Docket No. 1322-CR100-01.

On November 23, 2015, based on Amendment 782 and the 18 U.S.C. 3582(c)(2) motion, your federal sentence under Docket No. 4:13CR00184 CDP was reduced to 57 months imprisonment. However, the Court again noted that this sentence was to run consecutively to the parole revocation in Docket No. 901-1762.

Calculation of a federal term of imprisonment is governed by 18 U.S.C. § 3585 (emphasis added):

> (a) Commencement of Sentence.— A sentence to a term of imprisonment <u>commences on the date the defendant is received in custody</u> awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
> (b) Credit for Prior Custody.— A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> <u>that has not been credited against another sentence.</u>

A federal sentence cannot commence prior to the date it is pronounced. Consequently, when a federal sentence is ordered to run concurrently with a sentence being served, it can only run concurrently with that part of the prior sentence remaining to be served. You received credit for the time spent in custody from January 4, 2013, until August 27, 2014, toward your state sentence, so that time cannot be credited toward your federal sentence. In addition, your federal sentence cannot begin until completion of the sentence in Docket No. 901-1762.

We hope you have found this information helpful. If further assistance is needed, please contact your attorney of record.

Sincerely,

*Allison K. Lupo*

Allison K. Lupo
Senior U.S. Probation Officer

Approved by:

*Janis R. Bauer*
Janis R. Bauer   date: 6/25/19
Supervising U.S. Probation Officer