IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

UNITED STATES OF AMERICA, )
)
    Plaintiff, )
) No. 4:13CR00184
v )
)
LAMAR PEARSON, )
)
    Defendant. )

RECEIVED MAR 27 2020 BY MAIL

MOTION FOR COMPASSIONATE RELEASE UNDER
18 U.S.C. §3582(c)(1)(A)(i)
AND THE FIRST STEP ACT OF 2018, S.3747, 115th CONGRESS

Comes now, Lamar Pearson, Defendant, pro se, and hereby moves this Honorable Court for Compassionate Release and in support of states the following:

BACKGROUND

1. On November 25, 2013, following a plea of guilty, Defendant was sentenced to 71 months imprisonment for the offense of Possession With Intent To Distribute Cocaine Base in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(C). During this time period, Defendant was being detained under State jurisdiction pending a State prosecution for the identical offense substance in the present federal case. U.S. Marshals shuttled Defendant via a Writ of Habeas Corpus As Prosecundum on a number of occasions prior to the sentence being imposed from state custody to one day stays in federal custody for court appearances.

Argument and Authority

2. When Congress first enacted the compassionate release

1

statute in 1984, it intended compassionate release to act as a second look provision to take place of federal parole, which Congress was abolishing. The problem was that Congress gave the power to trigger a sentence reduction under the compassionate release statute to the Director of the Federal Bureau of Prisons (BOP). The Office of the Inspector General found that the BOP did not properly manage the compassionate release program which resulted in inmates who may be eligible candidates for release not being considered. Congress then passed, and President Trump signed, the First Step Act of 2018, which among other things, changed the procedures and ultimately the criteria for when a person in federal prison can seek a sentence reduction under the compassionate release statute in 18 U.S.C. §3582(c)(1)(A)(i). Now, after changes made by the First Step Act, federal prisoners can file a motion for a sentence reduction, and federal district courts are authorized to reduce a sentence even if the BOP fails to respond or even in the face of BOP opposition to a sentence reduction. Under the First Step Act, Congress took the power that previously resided with the BOP Director to trigger and set the criteria for sentence reductions and transferred it to Article III courts. In United States v Cantu No. 1:05-CR-458-1, 2019 WL 2498923 (S.D. Tex. June 17, 2019), District Court Judge Marina Garcia Marmolejo resentenced Conrado Cantu to time served after finding that Cantu presented "extraordinary and compelling ressons" for a sentence reduction under the compassionate release statute contained in 18 U.S.C. §3582(c)(1)(A). Importantly, Judge Marmolejo held that the criteria contained in the Sentencing

2

Guidelines for compassionate release was inconsistent with the changes that Congress made to the compassionate release statute in the First Step Act. Because of that conflict, she concluded:

> Thus, the correct interpretation of §3582(c((1)(A)----based on the text, statutory history and structure, and consideration of Congress's ability to override any of the Commission's policy statements "at any time," Mistretta v United States 488 U. S. 361, 394(1989)---is that when a defendant brings a motion for a sentence reduction under the amended provision, the Court can determine whether any extraordinary and compelling reasons other than those delineated in U.S.S.G. §1B1.13 cmt. n.1(A)-(C) warrant granting relief.

When Congress originally enacted §3582 in 1984, it intended for district courts to reduce sentences for prisoners on the basis of extraordinary and compelling reasons not limited to medical, family, or elderly circumstances. Congress first enacted the modern form of the compassionate release statute contained in 18 U.S.C. §3582 as part of the Comprehensive Crime Control Act of 1984. The U.S. Sentencing Commission acted in 2007, promulgating a policy that extraordinary and compelling reasons includes medical conditions, age, family circumstances, and "other reasons." U.S.S.G. §1B1.13, application note 1(A). The Commission also clarified that the extraordinary and compelling reasons "need not have been unforseen at the time of sentencing in order to warrant a reduction in the term of imprisonment. U.S.S.G. §1B1.13, application note 2.

## Reasons For Granting Compassionate Release

3. As initially stated Defendant was charged with offenses involving Possession With Intent to Distribute Cocaine Base under §841 (b)(1)(C) and carries a maximum punishment of 20 years.

3

Also, as stated above, Defendant was initially arrested by state officials and charged with violation of state controlled substances offenses. During the pendency of that state criminal prosecution federal authorities arrested Defendant after being indicted by a federal grand jury in the Eastern District of Missouri for the offense of Possession With Intent To Distribute Cocaine Base. Pursuant to a Writ of Habeas Corpsu Ad Prosecundum, U.S. Marshals shuttled Defendant on a number of occasions from state custody to one day stints in federal custody to allow federal court appearances. Finally, after a number of months had passed and court appearances, counsel for Defendant advised him to enter a plea of guilty for the federal offense advising that he would be given credit for all time spent in custody towards the federal sentence. At Sentencing Defendant was advised by the Court that his federal time would begin to commence on the day of sentencing. Counsel's advisement was in error because in <u>Alabama v Bozeman</u> 533 U.S. 146 (2001) the Court held that Article IV(e) of Interstate Agreement on Detainers (18 USCS Appx) bars further criminal proceedings against a defendant who having been transported to receiving state for 1 day, was returned to original place of imprisonment before trial. Based on <u>Bozeman</u>, had counsel filed a motion to dismiss the charges against Defendant the Court would have been obliged to do so with or without prejudice. Thus, the present conviction and sentence would not even exist had counsel argued <u>Bozeman</u> instead of advising Defendant to enter a plea of guilty thus leading to a new sentence.

4

Additionally, in relation to the conduct that led to the present federal conviction and sentence, Defendant has suffered multiple convictions and sentences other than the federal conviction and sentence. The State of Missouri through the courts imposed a ten year term of imprisonment for the same conduct (possession of cocaine base with intent)(the instant federal offense) compounded with an additional punishment of incarceration by the Missouri Board of Probation & Parole. The punishment that has been meted out for this conduct has been tremendous and actually greater than necessary along with parole and supervised release supervision to be served upon release. In total the Missouri sentence is 10 years, the parole revocation term was 7 years, the Federal sentence is nearly 6 years, the state parole supervision is at least 3 years and the federal supervised release is at least 3 years with the possibility of additional prison time for even just a technical violation in which Defendant does not foresee occurring. The punishment could exceed 30 years for conduct wherein no citizen was victimized. The Court should take into consideration these extraordinary and compelling reasons in determining to reduce the term of imprisonment.

## Medical Issues

4. Defendant suffers from a past gun shot wound that he needs a hip replacement as the hip continually deteriorates and this issue is compounded with the fact that Defendant just five months ago underwent ankle surgery. His medical care professionals in the BOP have determined that his condition has worsened wherein he was able to get about with the aid of a walking cane, now it

5

has been medically determined that Defendant needs the aid of a wheelchair and a companion to get him from place to place. In sum, Defendant is unable to properly care for himself in a correctional setting as he presently resides. Finally, the stress build-up from these stated medical issues has caused an additional medical issue of Hypertension. Although society does not expect prison to be a bed of roses, it does not expect a person to forego the more labrious punishment that Defendant experiences daily along with daily pain.

## Rehabilitation and Post Release Activity

5. During his incarceration Defendant has continually participated in institutional programming that includes 4,000 hours of community service wherein he is a part of manufacturing needed clothing in the winter for needy families. Defendant took the position that he wants society to know that he realizes that his conduct in the past was not a part of the solution that America seeks, therefore, he sought institutional programs that would allow him to give back to the community whatever he took away. Giving back to needy children in the community is something that society smiles upon and it does Defendant a lot of good to know that he now helps America to be great again by helping people in need stay warm and protected from the winter elements. Defendant has also participated and completed programming in substance abuse and Crime Impact on Victims. Lastly, Defendant is currently set to participate in both Residential and Non-Residential Drug Treatment

programming within the confines of the BOP and this positive conduct is compounded with the fact that Defendant has abided by the rules and regulations of the BOP as demonstrated by the fact that he has incurred no disciplinary reports. Defendant's positive conduct and outlook on life and his future has allowed him to remain free of any crimes for the past seven years.

6. Defendant is physically disabled and as such he is a receipient of government benefits and thus has a monthly secure income while he resides with his family in St. Louis, Missouri.

## Exhaustion of Administrative Remedies

7. Immediately following Defendant's arrival to the BOP he requested from the Warden that the BOP file a motion on his behalf for compassionate release seeking a reduction of sentence in relation to the recent passing of the First Step Act. Defendant made the written request on February 21, 2020 and as of today's date March 23, 2020 there has been no response from the BOP. Thus, exhaustion is satisfied since more than 30 days have elapsed since the request was made. See attached request.

## CONCLUSION

8. Based on all the factors set forth in 18 U.S.C. §3553(a) and §3553(a)(2)(A)(the need for the sentence imposed ... to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense) and §3553(a)(6)(the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct), as well as applicable Sentencing Commission Policy Statements,

there exists extraordinary and compelling reasons for a reduction of Defendant's sentence pursuant to 18 U.S.C. §3582(c)(1)(A)(i). These include imprisonment for an offense that more than likely would have been dismissed under Alabama v Bozeman supra, the numerous punishments received for the underlying offense, the fact that Defendant has not received any of the prior prison time served in Missouri prisons for the underlying conduct applied to his federal sentence which seems to be inconsistent with the Courts intention at the time of sentencing, and Defendant not being physically able to properly care for himself in a prison setting. Defendant has demonstrated that he poses no current danger to the safety of any other person or to the community, thus Defendant moves the Court to reduce his sentence to time served.

Dated: March 23, 2020

Respectfully submitted,

*Lamar Pearson*
Lamar Pearson
FCC-Forrest City Low
P.O. Box 9000
Forrest City, AR 72336

8

February 21, 2020

Lamar Pearson #40565-044
FCC-Forrest City Low
P.O. Box 9000
Forrest City, AR 72336

DeWayne Hendrix-Warden
FCC-Forrest City Low
1400 Dale Bumpers Road
Forrest City, AR 72335

RECEIVED
MAR 27 2020
BY MAIL

Re: Motion For Compassionate Release Request

Dear Warden Hendrix:

I respectfully request that the BOP file a motion for compassionate release to the Clerk of the United States District Court for the Eastern District of Missouri in case no. 4:13CR00184 CDP seeking a reduction in my sentence based on my imprisonment for an offense that more than likely would have been dismissed but for counsel ineffectiveness, numerous punishments for the underlying conduct by multiple soverigns, no credit for prior prison time credited to present federal offense, and I'm not physically able to take care of myself in a prison environment.

Thank you for your time and any assistance in this matter.

Sincerely,

Lamar Pearson
Lamar Pearson

I placed my request in the prison mailbox on February 21, 2020.

March 23, 2020

Lamar Pearson #40565-044
FCC-Forrest City Low
P.O. Box 9000
Forrest City, AR 72336

RECEIVED
MAR 27 2020
BY MAIL

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
ST. LOUIS, MO 63102

Re: New Filing  UNITED STATES v PEARSON  No. 4:13CR00184 CDP

Dear Clerk:
    Please find enclosed Motion For Compassionate Release Under 18 U.S.C. §3582(c)(1)(A)(i) and the First Step Act of 2018, S.3747, 115th Congress. Please file the same as soon as practical and thereafter please send notice (docket sheet) of receipt and filing.

Thank you for your time and any assistance in this matter.

Sincerely,

*Lamar Pearson*
Lamar Pearson

Name Lamar Pearson
Reg # 40565-044
Federal Correctional Complex (Low)
P.O. Box 9000-Low
Forrest City, AR 72336



RECEIVED
MAR 27 2020
BY MAIL

United State District Court
111 South 10th St
St. Louis mo. 63102