UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:13 CR 184 CDP |
| | ) | ORDER ON MOTION FOR |
| LAMAR PEARSON, | ) | SENTENCE REDUCTION UNDER |
| | ) | 18 U.S.C. § 3582(c)(1)(A) |
| Defendant. | ) | (COMPASSIONATE RELEASE) |

Upon motion of the defendant for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is DENIED after complete review of the motion on the merits.

FACTORS CONSIDERED:

Defendant's motion for compassionate release argues both that his physical condition causes him to be unable to care for himself and that his jail time has been incorrectly calculated by the Bureau of Prisons.

As to the jail time credit issue, when I sentenced defendant in this case, I ordered that his sentence run concurrently to any sentence that might be imposed in the criminal case arising out of the same conduct as this federal case (Circuit Court Case No. 1322-CR00100-01).  I ordered the sentence to run consecutively to any parole revocation sentence that might be imposed in a different case, which was unrelated to the conduct underlying this federal case (Circuit Court under Case No. 901-1762).  Pearson argues

that this is unjust and that the Bureau of Prisons is calculating his credit for time served incorrectly. He made the same assertion in two letters that were responded to by the United States Probation Office (ECF ## 56, 57, 58) and in a motion filed under 42 U.S.C. § 2255, *Pearson v. United States*, 4:19CV1827 CDP, which was dismissed without prejudice. I will not revisit the issue of jail time credit on this motion for compassionate release, as a disagreement with how the BOP calculates the time served does not constitute extraordinary and compelling reasons warranting a reduction of sentence under 18 U.S.C. § 3582(a).

I will also deny the motion to the extent it relies on Pearson's argument that his need for a hip replacement and use of a wheelchair renders him unable to care for himself. Many people—including people who are incarcerated—must use wheelchairs but are still able to care for themselves. It appears that the Bureau of Prisons is adequately caring for Pearson's medical needs and that his current conditions are stable. Pearson has not shown extraordinary and compelling reasons warranting a reduction of sentence.

IT IS SO ORDERED.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of September, 2020.